The opinion of the Court was delivered by
O’Neall, C. J.
The Act of 1822 provides that from and after the 1st day of March then next ensuing, if any person or persons whomsoever shall be convicted, in any Court of Sessions of this State, of knowingly and wilfully packing or putting into any bale or bales of cotton any stone, wood, trash cotton, cotton seed, or any matter or thing whatsoever, or causing the same to be done, to the purpose or intent of *30 cheating or defrauding any person or persons whomsoever in the sale of such cotton, or shall exhibit, or offer for sale, any such cotton, knowing the same to be so fraudulently packed, he shall, on conviction thereof, as aforesaid, for the first offence be sentenced to pay a fine of not more than one thousand dollars, nor less than ten dollars, and to be im-prisoned for a term of not more than six months, and not less than one month. 6 Stat. 180.
The cotton when examined, one bale was rotten through, two others were rotten and wet to the centre. It was ginned and packed at the gin and screw of defendant by his employees, two white men and his negroes. From the testimony of the prosecutor, his cotton was in good order when it went to the gin, and was so kept after it was packed that it could not have been seriously injured by wet. This makes out a strong case that it was iuet-joac7&ed at the gin. But it does not show any fact from which the guilty knowledge of the defendant ought to be inferred. To establish his guilt, it must be shown that he “ knowingly and wilfully” caused the cotton to be water-packed. His employee, Oraig, testified to the fact that the prosecutor’s cotton was so wet he had to stop ginning ; the other, Waldrop, who managed the screw, swears that the defendant was not present and that the cotton was packed without the use of water. The judge tells us that the conviction was the result that the jury did not believe Craig and Waldrop. Their credibility was strongly assailed. It is not the first time that defendants have suffered from the use of such witnesses; still I do not think in a case such as this that their want of credit should fix a conviction on the defendant; if they were discredited, still there is no proof that the defendant knew how the cotton was packed.
The motion for a new trial is granted.
Johnstone, J., and Wardlaw, J., concurred.

Motion granted.